NOEL C. JOHNSON, ESQ., SBN 175397
OFFICE OF THE GENERAL COUNSEL
201 MISSION STREET, 12th FLOOR
SAN FRANCISCO, CALIFORNIA 94105
Telephone: (415) 278-4527
Facsimile: (415) 278-6012

MICHAEL CAVENDISH, ESQ., SBN (FL) 0143774
GUNSTER, YOAKLEY & STEWART, P.A.
225 WATER STREET, SUITE 1750
JACKSONVILLE, FLORIDA 32202-5185
Telephone: (904) 350-7171
Facsimile: (904) 350-5955

Attorneys for Plaintiff,
WASHINGTON MUTUAL BANK

ROGER S. RAPHAEL, SBN 111946
WILLIAM P. BURANICH, SBN 144650
LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET
SUITE 1400
SAN FRANCISCO, CA 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
FIDELITY CAPITAL FUNDING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHINGTON MUTUAL BANK, a federal savings bank, as successor at law to Long Beach Mortgage Company, a federal savings bank,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FIDELITY CAPITAL FUNDING, INC., a California corporation,<br><br>　　　　　Defendant. | CASE NO. CV08-1407<br><br>JUDGE: Edward M. Chen<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

**JOINT CASE MANAGEMENT STATEMENT**

The parties, PLAINTIFF, WASHINGTON MUTUAL BANK, ("Washington Mutual") and DEFENDANT FIDELITY CAPITAL FUNDING, INC. ("Fidelity") (collectively the "Parties"), hereby submit the following Joint Case Management Statement pursuant to Civil Local Rule 16-9 and the Court's March 12, 2008 *Order Setting Initial Case Management Conference and ADR Deadlines*:

1. *Jurisdiction and Service*. This Court's jurisdiction is found at 28 U.S.C. § 1332(a) insofar as this action is a dispute between corporate parties having their citizenship in different states, and insofar as this case presents a controversy in excess of $75,000.00, exclusive of interest and costs. Defendant has accepted service of process in this action, and no parties remain to be served.

2. *Facts*. <u>Plaintiff's Position</u>: This is a dispute over the terms of a two-page written contract for the purchase and sale of residential mortgage loans between Washington Mutual as purchaser and Fidelity as seller. The contract is attached to the Complaint as Exhibit A (the "Agreement"). The contract incorporates by reference a voluminous document known as the Long Beach Mortgage Seller Guide (the "Seller Guide"), which Seller Guide contains, among other terms, written representations and warranties concerning loans to be sold under the Agreement.

Twelve of the loans Fidelity sold to Washington Mutual are the subject of this acttion. After purchasing them, Washington Mutual sent written demands to Fidelity describing that the loans violated reps and warranties in the Seller Guide such that Fidelity was obligated to repurchase them (buy them back). The Complaint alleges that Fidelity did not meet this demand, creating a breach of contract that damaged Washington Mutual.

The specific violation that Washington Mutual cites as the basis for its repurchase demands is found at Section 604 of the Seller Guide. Section 604 defines something known as an

- 2 -

Early Payment Default, an event occurring when a loan sold becomes 30 or more days delinquent in the payment of the first monthly payment owed to Washington Mutual after the loan is sold.

Fidelity's Answer admits the existence of the Agreement, admits that the language discussed in the Complaint, Section 604 of the Seller Guide, is incorporated into the Agreement, admits that the loans at issue constituted business transactions between itself and Washington Mutual, admits to receiving Washington Mutual's demands, and admits that it did not meet those demands or make payment. Fidelity's Answer continues with a section on affirmative defenses in which Fidelity raises 24 discrete defenses.

Defendant's Position: Fidelity's Answer denies the substantive allegations of the Complaint and raises a number of defenses. Fidelity anticipates that the disputed factual issues may include the following: whether the Agreement attached to the Complaint governs the rights and obligations of the parties with respect to the subject loans; whether other agreements between Fidelity and plaintiff and/or its predecessor govern the rights and obligations of the parties with respect to the subject loans; whether the subject loans were underwritten and approved by Plaintiff; whether Fidelity had knowledge of the terms of the Seller Guide that are purportedly incorporated into the Agreement attached to the Complaint; whether any of the loans have been foreclosed or sold; and the amount of plaintiff's claimed damages.

3. *Legal Issues.* Plaintiff's Position: This action presents the legal issues of contract formation, performance or breach, and remedies.

Defendant's Position: Fidelity anticipates that the legal issues will include whether the plaintiff's attempt to incorporate the Seller Guide into the Agreement is sufficient under California law (e.g. Scott's Valley Fruit Exchange v. Grower's Refrigeration Co. (1947) 81 Cal App. 2d 437); whether the terms of the Seller Guide, if incorporated, are unconscionable (Civil Code Section 1670.5), and whether the action is barred, in whole or in part, by California's anti-

GUNSTER YOAKLEY
JACKSONVILLE, FL

JOINT CASE MANAGEMENT STATEMENT

deficiency laws (Code of Civil Procedure 580d).

4. *Motions.* There are no pending motions in this action.

5. *Amendment of pleadings.* Both Parties would like to reserve the right to amend their pleadings within the allowances of the Rules, in the event that facts learned in discovery other events necessitate an adjustment of any of the Parties' pleaded allegations.

6. *Evidence preservation.* This action concerns the Parties' contract documents and documents amounting to business records generated by the parties' purchase and sale of the twelve loans at issue. Both Parties believe that these material documents have been preserved in the normal course of their businesses, and that these documents will be exchanged, during, among other stages of this action, in connection with their initial disclosures.

7. *Disclosures.* The parties will have timely exchanged their Rule 26 initial disclosures prior to the date of the case management conference.

8. *Discovery.* No discovery has been taken to date. Both Parties anticipate the taking of discovery to the extent that the Rules allow. The Parties to intend to complete their fact discovery within six months. The Parties do not propose any modification of the provisions of the Rules pertaining to discovery.

9. *Class Action.* This suit is not a class action.

10. *Related cases.* There are no cases between the Parties pending before this Court, or another judge of this Court, or any other court or body.

11. *Relief.* Washington Mutual's Complaint seeks specific monetary relief in the form of the repurchase of the twelve loans at issue at Washington Mutual's basis in each loan, an amount equal to their principal and interest balances, plus several other expenses incurred relating to premium refunds and recoupment of paid escrow expenses, plus attorney's fees. As to any of the twelve loans which have been foreclosed prior to entry of the Court's judgment, Washington

Case3:08-cv-01407-EMC Document17 Filed06/19/08 Page5 of 6

Mutual seeks a make-whole payment equal to the net post-foreclosure loss suffered, or stated another way, equal to the repurchase amount owed for each such loan less any foreclosure proceeds received.

12. *Settlement and ADR.* The Parties suggest that prospects for settlement are good. The parties propose to comply with the Court's ADR plan by mediating before a Court-approved mediator. The Parties are unaware of what key discovery developments or motions are necessary for the enhancement of the prospects of resolving their dispute.

13. *Consent to Magistrate Judge.* The Parties consent to the assignment of this action to a magistrate judge.

14. *Other References.* The Parties do not feel that binding arbitration, a special master, or a multi-district litigation panel are implicated here.

15. *Narrowing of Issues.* The Parties suggest that many of the facts pleaded in the Complaint can be stipulated to, and that after discovery the Parties can present the Court with a joint stipulation of uncontested facts.

16. *Expedited Schedule.* The Parties do not feel that an expedited schedule is necessary.

17. *Scheduling.* The Parties propose the following timing sequence for the following events:

Trial, within 12 months of the date of filing of the Complaint (March, 2008);

Designation of experts, 90 days prior to trial;

Discovery cutoff (non-expert), 90 days prior to trial;

Dispositive motion filing deadline, 90 days prior to trial;

Pretrial conference, 14 days prior to trial.

18. *Trial.* This action will be tried non-jury.

- 5 -

GUNSTER YOAKLEY
JACKSONVILLE, FL

JOINT CASE MANAGEMENT STATEMENT

19.  *Disclosure of Non-Party Interested Entities or Persons.*  Both parties expect to timely file their Certifications of Interested Entities or Persons required by Civil Local Rule 3-16.

20.  *Other Matters*:    None

Respectfully submitted,

Gunster, Yoakley & Stewart P.A.

By: _____
Michael Cavendish
Attorney for Plaintiff

Lewis Brisbois Bisgaard & Smith, LLP

By: _____
Roger S. Raphael
Attorney for Defendant