# ROBERT L. MAINES

ATTORNEY AT LAW,
BUSINESS AND CORPORATE LITIGATION AND MEDIATION

355 Ambar Way, Menlo Park, California 94025
(650) 321-3355 Direct | (650) 678-3259 Cellular | (650) 321-3355 Facsimile
maines@robertmaineslaw.com

August 1, 2008

VIA EMAIL

Counsel of Record:
buranich@lbbslaw.com
mcavendish@gunster.com
noel.johnson@wamu.net
raphael@lbbslaw.com

Re: Mediator's Letter Scheduling First Telephone Conference; Washington Mutual Bank v. Fidelity Capital Funding Inc., C 08-01407 EMC MED

Dear Counsel:

I have been appointed by the Court to serve as the mediator in this action.

Please review ADR L.R. 6 which governs the mediation.

I have attached materials describing my professional and mediation experience.

My conflicts check reveals no actual or potential conflicts of interest under 28 U.S.C. section 455(a) and (b) and I am not aware of any other circumstances that might compromise my impartiality or the appearance of impartiality, except this waiveable conflict: in December 2007, I served as court- appointed mediator in Washington Mutual Bank v. Unified Capital Group, Inc., Case No. C0703055 MMC, and dealt with present counsel for Washington Mutual. The action did not settle. I see no reason why I cannot serve as an impartial mediator in this new action, and am willing to do so unless there is objection by the parties.

Pursuant to ADR L.R. 6-6, I will conduct a telephone conference with all counsel before the formal mediation to discuss the following:

the procedures to be followed;
the nature of the case;
appropriate dates for the mediation and anticipated length of the session;
the parties who must be present under ADR L.R. 6-9 and the parties who need to be present to have a productive mediation session;

ideas to improve the effectiveness of the mediation session or matters that could pose impediments;
requirements for your written mediation statements;
any questions you might have about how I normally conduct mediations; and
any questions you might have about the mediation program.

I anticipate that the telephone conference will last approximately one-half hour.

To expedite scheduling, I have arbitrarily set the telephone conference for Tuesday, August 12, at 130 P.M., California time. I will initiate the call. Please promptly confirm your availability by email, indicating the telephone to be utilized for your participation. If you are not available at this time, please work first with opposing counsel and then with me to establish an alternative time for the telephone conference. Before the telephone conference, please ascertain from your clients and any insurers alternative dates upon which the mediation session may be conducted. I am advised that the final date the mediation can be held is October 3, 2008, and that it can be conducted at the federal courthouses in either San Francisco or San Jose, as the parties may prefer.

I look forward to serving as mediator in this action.

Kind regards.

Yours very truly,

Robert L. Maines

Cc: Clerk's Office –ADR Unit (Alice_Fiel@cand.uscourts.gov)

Encls.

# ROBERT L. MAINES

ATTORNEY AT LAW,
BUSINESS AND CORPORATE LITIGATION AND
MEDIATION

355 Ambar Way, Menlo Park, California 94025
(650) 321-3355 Direct | (650) 678-3259 Cellular | (650) 321-3355 Facsimile
maines@robertmaineslaw.com


## ROBERT L. MAINES
## *BIOGRAPHICAL INFORMATION*

ROBERT L. MAINES has an active business and corporate law litigation and mediation practice, having been for twenty years a partner in the San Francisco and Silicon Valley offices of the prominent California law firm of Pettit & Martin and the managing partner of its Silicon Valley office, and for ten years a partner of and of counsel to Bryant, Clohan, [Eller, Maines] & Baruh, LLP of Palo Alto, and San Jose, California, and of counsel to Tomlinson Zisko LLP of Palo Alto, California. An honors graduate of Miami University and of Stanford Law School (Order of the Coif; Stanford Law Review), Mr. Maines is a well-respected member of the State Bar of California and the bars of several federal courts including the United States Supreme Court. Mr. Maines has specialized in complex business, commercial and real estate litigation in a wide variety of contexts, and is recognized for successfully representing clients in achieving their business and litigation objectives. His extensive work in the general practice areas of contracts, corporations and real estate law includes particular experience in antitrust, unfair competition and securities laws matters. Mr. Maines has served as corporate counsel for public and private companies as part of his law practice. Advocacy in alternative dispute resolution and service as a mediator, arbitrator and neutral evaluator are also an important part of the practice of Mr. Maines who has been a principal litigator or mediator in many significant cases that have successfully resolved in alternative dispute resolution. Over the years, Mr. Maines has written and lectured on various business counseling and litigation matters for, among others, Practising Law Institute; California Continuing Education of the Bar; Nevada Continuing Education of the Bar; Federal Publications, Inc.; Federal Practice Program; Hastings Law School and Stanford Law School. Mr. Maines is a member of the litigation, business law and/or alternative dispute resolution sections of the American Bar Association, the State Bar of California and local bar associations.

# ALTERNATIVE DISPUTE RESOLUTION BACKGROUND INFORMATION

Name: Robert L. Maines

Address: Robert L. Maines, Esq.
355 Ambar Way
Menlo Park, CA 94025

Contact Information:
Telephone: 650 321 3355; Cellular telephone: 650 678 3259;
Facsimile: 650 321 3355; Email: maines@robertmaineslaw.com

Fees: $350/hr. or as agreed by the parties.

Other Costs: By agreement of the parties.

Mediation Experience:

I have very significant mediation experience as an:
advocate in mediation (since 1989) and neutral mediator of business disputes, independently (since 1998) and as member of the alternative dispute resolution panels (mediation) of U.S. District Court, N.D. of CA (since 1998), California Court of Appeal, First Appellate District (since 2003), and California Superior Courts, Santa Clara County (since 1998) and San Mateo County (since 2004). Not only have I mediated a significant number of cases, but most of my major litigation cases as an advocate over the last several years have settled as a consequence of mediation.

Mediation Training:
Advanced Mediation Training seminar (Judicial Council of CA, First District Court of Appeal; 2003, 14 hours); Comprehensive Mediation Training seminar (Bar Association of San Francisco/John Paul Jones Group; 1998, 40 hours); Advanced Mediation Skills seminar (Pepperdine School of Law; 1998, 18 hours); Negotiation Workshop (Stanford Law School; 1993, 7 hours); Litigation Risk Analysis seminar (Litigation Risk Analysis; 1993, 10 hours); Mediation Training (U.S. District Court, N.D. of CA; 1993, 14 hours); among other training.
I regularly participate in continuing education seminars including an ongoing advanced mediation seminar.

**Arbitration Experience:**

**Experience: Advocate in arbitration (since 1984) and neutral arbitrator of business disputes as member of the alternative dispute resolution panels (arbitration) of the American Arbitration Association (1993-2000) and California Superior Court (judicial arbitration), Santa Clara County (at various times, since 1998).**

**Arbitration Training:**
**Basic Arbitration Training (1993, 7 hours) and Commercial Arbitration Training (1999, 6 hours) by the American Arbitration Association.**

**Neutral Evaluation Background:**

**Experience: Advocate in neutral evaluation and neutral evaluator as member of the alternative dispute resolution panels (neutral evaluation) of the U.S. District Court, N.D. of CA (since (1988) and California Superior Courts, Santa Clara County (since 1998) and San Mateo County (since 2004).**

**Neutral Evaluation Training: Neutral Evaluator Training (U.S. District Court, N.D. of CA; 1987, 7 hours); How to Use Neutral Evaluation to your advantage (California Superior Court, San Mateo County, Multi-Option ADR Project; 2003, 2 hours), among other training.**

**Settlement Conference Experience:**

**Advocate in court settlement conferences (since 1970) and settlement conference neutral (Judge Pro Tem) as member of the alternative dispute resolution panel (mandatory settlement conferences) of California Superior Court, Santa Clara County (at various times, since 1988).**

**Subject Matter Areas of Significant Experience:**

**Litigation advocacy and ADR process; legal practice areas: Business; Commercial; Contracts; Corporations and Corporate Securities; Real Estate; Antitrust; and Unfair Competition.**

**Education:**

**Miami University, BSBA (Economics, Accounting);**
**Stanford University, School of Law, JD (Order of the Coif; Stanford Law Review);**
**Extensive continuing legal education, as Instructor and Student, including litigation advocacy and ADR process.**

**Mediation Approach:**

I enthusiastically embrace mediation as a remarkable process that enables parties successfully to negotiate for possible resolution of their disputes in a civil and cost-effective manner. I take seriously the opportunity the mediator has in professionally facilitating the process. My approach is to solicit mediation briefs from the parties which I carefully review in grounding myself for the mediation session. The session begins with a joint gathering of all parties each of whom is encouraged to make an oral presentation. And to respond to the other side's presentation. The initial joint session is followed by separate caucuses and additional joint sessions as may be appropriate.

My approach is largely facilitative (as opposed to directive) in the joint sessions and in the early separate caucuses, becoming more directive in subsequent caucuses and perhaps in joint sessions as seems appropriate in the circumstances. I believe that parties are entitled to the benefit of my substantial experience as litigator and as mediator, and that there are definitely times when it is appropriate and helpful to depart from the classic facilitative approach, particularly in mediation of business disputes that are already in litigation or on appeal.

**Arbitration Approach:**

My approach to arbitration is traditional. While reasonably informal and expedient, the process is professional and controlled consistent with what makes sense. I work with the parties to establish an agreed -on protocol for the particular arbitration. I solicit pre-and post-arbitration briefs and additional briefs when appropriate. I believe in appropriate discovery consistent with the amount in controversy. Subject to streamlined procedures for exhibits, testimony is taken much as it would be in a court trial with relaxation of certain procedural rules and rules of evidence. I do follow substantive law and decide the case on the facts in evidence, in conformance with the law. I will issue a reasoned, written decision.

**Neutral Evaluation Approach:**

Unless agreed otherwise by the parties, I generally follow Rule 5 of the ADR Local Rules of the U.S. District Court, N.D. of CA. which has proven effective, especially when coupled with mediation.